**DAY PITNEY** LLP

 COPY

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

**MELISSA BRUYNELL MANESSE**
Attorney at Law

One International Place
Boston, MA 02110
T: (617) 345-4753 F: (617) 206-9410
mmanesse@daypitney.com

June 13, 2017

**VIA OVERNIGHT DELIVERY**

Clerk
Middlesex Superior Court
200 Trade Center, 2nd Floor
Woburn, MA 01801

      Re:    Joseph W. Surette v. U.S. Bank Trust, N.A., as Trustee for LSF9 Master
            Participation Trust
            Civil Action No. 1781CV01309

Dear Sir or Madam:

     Enclosed for filing in the above-referenced matter, please find Defendant's *Notice of Removal* as certified by the Clerk of the United States District Court for the District of Massachusetts. Kindly confirm receipt by date-stamping the enclosed copy of this letter and returning it to me in the enclosed envelope.

     Thank you for your assistance.

                        Sincerely,

                        Melissa Bruynell Manesse

MBM/kk
Enclosures

cc:   Kristen Thurbide, Esq. *(via regular mail)*
      Thomas J. O'Neill *(via e-mail only)*

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 1 4 2017

CLERK

97420283.1

Office of Court Management
Fiscal Affairs Department
ORDER FORM

INTERNAL SEQUENCE NUMBER _____ ~ _____
Calendar Year – Chronological Seq.

Court Department: *Civil Department*      Court Division: _____

Organization: _____      Phone Number: _____

Court Office: (CHECK ONE →)  □ Clerk-Magistrate  ▪ Register of Probate  □ Land Court Recorder

Name of Payor: _____      Address of Payor (if applicable) _____

Date of Request: *6/16/17*

Cashier's Initials: _____

Case Number: *1781CV04309*      MASSCOURTS RECEIPT # _____
(To be completed once receipted in MassCourts)

Case Name: *Joseph Surette*

v.

*U.S Bank trust N.A*
*as trustee for LSF9*
*Master Participation*
*Trust*

CHECK ONE ↓:

□ Cash _____      □ Other _____
▪ Check  ✓
□ Credit Card _____

| Quantity | Service/Item | Per Unit Cost | Service/Item Subtotals |
|---|---|---|---|
|  | Copies | $ _____ | $ _____ |
|  | Tapes | $ _____ | $ _____ |
|  | Civil Summons | $ _____ | $ _____ |
|  | Hospital Records | $ _____ | $ _____ |
|  | Certificate of Judgement | $ _____ | $ _____ |
|  | Transcripts | $ _____ | $ _____ |
|  | Notary Certificates | $ _____ | $ _____ |
|  | Depositions | $ _____ | $ _____ |
|  | Certified copy | $ _____ | $ _____ |
| 37 | Other: *Removal fee* | $ *92.50* | $ *92.50* |
|  |  | $ _____ | $ *92.50* |

Total Paid for All Services/Items:      $ *92.50*

AFTER FIVE DAYS RETURN TO
MICHAEL A. SULLIVAN, ESQ.
CLERK OF THE COURTS
MIDDLESEX SUPERIOR COURT
200 TRADE CENTER - 2ND FLOOR
WOBURN, MA 01801

*C/o Lydia Fortuna*

Rev. 5/27/14

**Commonwealth Of Massachusetts**
# MIDDLESEX SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
### WOBURN

**MIDDLESEX, SS.**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.  1781CV-1309**

**Joseph W. Surette**
**Plaintiff**

**V.**

**U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**
**Defendant**

## REMOVAL TO U.S. DISTRICT COURT

**Commonwealth o Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**Woburn**

_____

**MIC 17811CV1309**

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said County

of Middlesex, do certify that the annexed papers are true copies made by photographic process of

pleadings in **1781CV-1309** entered in the Superior Court on the **Firth** day of **May** in the year of
our Lord 2017.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said county, this **16**th day **of June**, in the year of our Lord Two Thousand Seventeen.

C. Andrew Johnson
Deputy Assistant Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph W. Surette, | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 17-11012 |
| | ) |
| U.S. Bank Trust, N.A., as Trustee for LSF9 | ) |
| Master Participation Trust, | ) |
| | ) |
| *Defendant.* | ) |

I hereby certify on _____ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☐ original filed in my office on: _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant U.S. Bank Trust, N.A., as Trustee for LSF9

Master Participation Trust ("U.S. Bank"), by and through its counsel, Day Pitney LLP, and

pursuant to Chapter 28, Sections 1332 and 1446 of the United States Code, hereby remove the

civil action pending in the Trial Court of Massachusetts, Superior Court Department, Middlesex

County, as case number 1781CV01309 (the "State Court Action"), and all claims and causes of

action therein, to the United States District Court, District of Massachusetts. The grounds for

removal are as follows:

### Service

1.      On or about May 1, 2017, Plaintiff Joseph Surette ("Plaintiff") initiated the State

Court Action by filing a *Verified Complaint and Jury Demand* ("Complaint") and *Motion for*

*Injunctive Relief* to prevent Defendant from conducting a foreclosure sale of the property located

at 831 Salem Street, Malden, Massachusetts 02148 (the "Property").

2.      Defendant received a copy of the Complaint on or about May 8, 2017.

3.      This Notice of Removal was timely filed in this Court on June 1, 2017.

**Pleadings and Notice to State Court**

4.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the State Court Action received by Defendant are attached to this Notice as <u>Exhibit A</u>.

5.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon Plaintiff and promptly filed with the Clerk of the Trial Court of Massachusetts, Superior Court Department, Middlesex County.

6.      Pursuant to Rule 81.1(a) of the Local Rules, within twenty-eight (28) days after filing this Notice of Removal, Defendant will file with this Court certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

**Timeliness of Removal**

7.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it was filed within thirty (30) days of Defendant receiving the Complaint.

8.      No prior removal of this action has been attempted.

### Statement of Grounds for Removal

9.     This action is within the jurisdiction of the United States District Court, District of

Massachusetts pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different

States." *See* 28 U.S.C. § 1332(a)(l).

10.     This action is removable because it is a civil action involving a matter in

controversy exceeding the sum or value of $75,000.00 and the parties are citizens of different

states under 28 U.S.C. § 1332.

### Venue

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court

is the "district court of the United States for the district and division embracing" Middlesex

County, Massachusetts, the place where the State Court Action is pending.

### The Parties are Citizens of Different States

12.     Plaintiff represented in the Complaint that he resides in Malden, Massachusetts.

13.     U.S. Bank is a national association with its principal place of business at 300 East

Delaware Avenue, 8th Floor, Wilmington, Delaware  19809.

**The Amount in Controversy Exceeds the $75,000.00 Jurisdictional Threshold**

14.     The essence of the controversy in the instant matter is the claim made by Plaintiff that Defendant has attempted to improperly foreclose on the mortgage given by Plaintiff to Wells Fargo Bank, N.A., dated November 11, 2005, and recorded with the Middlesex County Registry of Deeds in Book 46466, at Page 437 on November 14, 2005 (the "Mortgage"). *See* Exhibit B (a true and correct redacted copy of the Mortgage).

15.     The Mortgage was assigned by Wells Fargo Bank, N.A. to U.S. Bank by virtue of an assignment dated July 18, 2016 and recorded with the Middlesex County Registry of Deeds in Book 67811, at Page 88 on August 15, 2016 (the "Assignment"). *See* Exhibit C (a true and correct redacted copy of the Assignment).

16.     The amount in controversy in this case meets the jurisdictional threshold for two reasons. First, the original principal amount of the Mortgage is two hundred ninety six thousand dollars ($296,000.00). As the First Circuit has held, the face value of a mortgage in a foreclosure matter is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding that "the face-value-of-the-loan rule, of course, has the advantage of perfect simplicity . . . and unlike a rule based on the amount already paid or the balance still due, the face-value-of-the-loan approach cannot be manipulated through strategic timing of filing"); *Barbosa v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-12236-DJC, 2013 WL 4056180, at \*5 (D. Mass. Aug. 13, 2013) (holding, in part, that the original amount of the mortgage is an indication of the fair market value of the property).

17.     Second, the online assessment database for Malden, Massachusetts values the Property for year 2017 at three hundred seventy dollars ($370,000.00). *See* FY2017 Property

Values, Board of Assessors of Malden, Massachusetts,

http://malden.patriotproperties.com/Summary.asp?AccountNumber=9496 (last visited May 30,

2017).

18.     Where the plaintiff seeks equitable relief, the amount-in-controversy is measured

by the value of the object at issue. *Issokson v. One West Bank, FSB*, No. 12-11743-LTS, 2013

U.S. Dist. LEXIS 2729, at \*2 (D. Mass. Jan. 8, 2013).  In a foreclosure action, the object of the

litigation is the property.  *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1983)

(explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from

selling this property," the object of the litigation was the property); *Reyes v. Wells Fargo Bank,*

*N.A.*, No. C-10-01667, No. 2010 WL 262985, at \*4 (N.D. Cal. June 29, 2010) (stating that "if the

primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the

property is the object of the litigation").  In cases that seek equitable relief against foreclosure

sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the

amount in controversy for purposes of diversity jurisdiction. *Barbosa*, 2013 WL 4056180, at \*5

(holding, in part, that the appraisal of the property is an indication of the value of the property).

19.     Thus, because the face value of the Mortgage and the assessed value of the

Property exceed the $75,000.00 jurisdictional minimum, the amount in controversy requirement

is satisfied.

**WHEREFORE**, for the reasons set forth above, Defendant respectfully removes the

State Court Action to this Court.

Respectfully submitted,

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,**

By their attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901
Tel.   (203) 977-7301

Melissa Bruynell Manesse
BBO #685766
mmanesse@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02110
Tel.   (617) 345-4753

DATED:      June 1, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on June 1, 2017.

/s/ Melissa Bruynell Manesse
Melissa Bruynell Manesse



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Public Docket Report**

**1781CV01309 Surette, Joseph vs. U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 05/01/2017 |
| **ACTION CODE:** | B99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Tortious Action | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 05/01/2017 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil J Rm 420 |

### LINKED CASE

### PARTIES

**Plaintiff**
Surette, Joseph

694840

Kristin Lisa Thurbide
Culik Law PC
Culik Law PC
225 Franklin St 26th Floor
Boston, MA 02110
Work Phone (617) 830-1795
Added Date: 05/01/2017

**Defendant**
U.S. Bank Trust, N.A. Trustee for LSF9 Master
Participation Trust

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 05/01/2017 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 05/01/2017 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 05/01/2017 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| 05/01/2017 | Summons and order of notice issued on a Motion for a Preliminary Injunction, returnable on 05/04/2017 02:00 PM Hearing on Preliminary Injunction<br><br>Applies To: U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust (Defendant)<br>*Ordered by: Honorable Maynard Kirpalani* | 5.00 | 5.00 | 0.00 | 0.00 |
| 05/04/2017 | $90 Fee for Preliminary Injunction | 90.00 | 90.00 | 0.00 | 0.00 |
| | **Total** | **370.00** | **370.00** | **0.00** | **0.00** |

CRTR2709-CR



COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY
Public Docket Report

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| Total | | | | |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 05/01/2017 | | Attorney appearance<br>On this date Kristin Lisa Thurbide, Esq. added for Plaintiff Joseph Surette | |
| 05/01/2017 | | Case assigned to:<br>DCM Track F - Fast Track was added on 05/01/2017 | |
| 05/01/2017 | 1 | Original civil complaint filed. | |
| 05/01/2017 | 2 | Civil action cover sheet filed. | |
| 05/01/2017 | | Demand for jury trial entered. | |
| 05/01/2017 | 3 | Plaintiff(s) Joseph Surette's Motion for injunctive relief. Short order of notice to issue for Thursday, May 4, 2017 at 2:00 p.m. in Courtroom 420. Copy given in hand. | Kirpalani |
| 05/01/2017 | 4 | Joseph Surette's Memorandum in support of plaintiff's motion for injunctive relief | |
| 05/04/2017 | | Event Result:<br>The following event: Hearing on Preliminary Injunction scheduled for 05/04/2017 02:00 PM has been resulted as follows:<br>Result: Held as Scheduled | Kirpalani |
| 05/04/2017 | 5.1 | Service Returned for<br>Defendant U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust: Service via certified mail; | |
| 05/04/2017 | 6 | ORDER: PRELIMINARY INJUNCTION:<br>THIS MATTER, having been heard on plaintiff's motion for a preliminary injunction, and the Court being sufficiently advised;<br>It appearing to the Court that plaintiff will suffer irreparable harm by virtue of losing title to real property through foreclosure sale by defendant;<br>That the potential injury to plaintiff, loss of title to real property, is of such a nature that compensation alone will not make them whole;<br>That the relative hardships pertaining ot the relief requested are weighed in favor of plaintiff; and<br>That plaintiff has shown a likelihood of success on the merits of his claims.<br>IT IS HEREBY ORDERED, that the defendant, its officers, agents, attorneys, employees, and successors, and all those in active concert or participation with it, are hereby enjoined from further foreclosure proceedings toward plaintiff's real property located at 831 Salem Street, Malden, Middlesex County, Massachusetts, and are ordered to cancel the foreclosure sale, not to conduct the foreclosure sale, and not to otherwise schedule any new sale dated of the property until further order of the Court.<br>SO ORDERED. Certified copy given in hand. | Kirpalani |

MIDDLESEX, SS. **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this Sixteenth day of June, 2017.

Deputy/Assistant Clerk

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
C.A. NO. 2017-1309

JOSEPH SURETTE

      Plaintiff

v.

U.S. BANK TRUST, N.A., AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST

      Defendant

**VERIFIED COMPLAINT
AND JURY DEMAND**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 0 1 2017
CLERK

## NATURE OF THE CASE

1.     This is an action by plaintiff Joseph Surette against defendant U.S. Bank, as Trustee, seeking injunctive relief against the foreclosure of his property, which is scheduled for Tuesday, May 9, 2017 at 12:00 p.m. The foreclosure is unlawful for two reasons: (1) because U.S. Bank violated the right-to-cure statute, G.L. c. 244, § 35A by sending pre-foreclosure notices that do not "strictly conform" with the model notice promulgated by the Division of Banks, as mandated at 209 C.M.R. § 56.04; and (2) the affidavit certifying U.S. Bank's pre-foreclosure compliance with G.L. c. 244, § 35B in the registry of deeds is not authorized under a power of attorney recorded in the registry of deeds, because the supposed power of attorney both: (i) was not granted by U.S. Bank; and (ii) expressly prohibits signing of "affidavits or other sworn statements."

1

## PARTIES

2.      Plaintiff Joseph Surette ("Plaintiff" or "Surette") is a natural person residing in Malden, Middlesex County, Massachusetts.

3.      Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Defendant" or "U.S. Bank") is a national banking association with principal offices located in Cincinnati, Ohio.

## COMMON FACTS

4.      Surette is the owner of the property at issue, located at 831 Salem Street, Malden, Middlesex County, Massachusetts.

5.      Surette purchased the property in 2005 for $370,000. His deed is recorded in the Middlesex (South) Registry of Deeds at book 46466, page 435.

6.      Surette purchased the property in part by using a loan from Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of $296,000, secured by a mortgage on the property. The mortgage is recorded in the registry at book 4666, page 437.

7.      Surette fell behind on the mortgage due to financial hardship related to loss of income.

8.      Surette, however, can afford the property and would like to obtain a loan modification or explore other alternatives to foreclosure.

9.      U.S. Bank nonetheless scheduled a foreclosure sale of the property for May 9, 2017 at 12:00 p.m.

10.     As observed by one judge in Massachusetts, the fact that a homeowner is in arrears on his mortgage does not mean that a bank's standing to foreclose is immune

from challenge. "It is clear beyond peradventure that [the borrower] is substantially behind in paying her mortgage and appears unable to remediate her default. This, however, does not render her an outlaw, subject to having her home seized by whatever bank or loan servicer may first lay claim to it." *Culhane v. Aurora Loan Servs. of Neb.*, 826 F. Supp. 2d 352, 359 (D. Mass. 2011).

11.     As a matter of fact, the public record is clear that over the past few years, many large banks, including defendant U.S. Bank, have failed to be able to provide documentation of the right to foreclose on homeowners' mortgages. U.S. Bank was cited by its federal regulator for the same in a stipulated Consent Order. *See In the Matter of U.S. Bank National Association*, OCC Consent Order No. AA-EC-11-18 (Apr. 13, 2011), available at https://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-47j.pdf and incorporated by reference. The Consent Order found that U.S. Bank filed perjured affidavits in foreclosure proceedings, *id.* at p. 2, "failed to devote to its foreclosure processes adequate oversight," *id.* at p. 3, and therefore required it to "properly document[] ownership of the promissory note and mortgage ... under applicable state law, or is otherwise a proper party to the action" before foreclosing. *Id.* at p. 7.

12.     Indeed, since then, U.S. Bank has repeatedly failed to comply with the requirements of the Consent Order, and multiple subsequent orders have been issued. *See Amended Consent Order*, OCC Consent Order No. 2015-066, amending Consent Order Nos. AA-EC-11-18 and 2013-128, available at https://www.occ.gov/static/enforcement-actions/ea2015-066.pdf, and incorporated by reference.

13.     The issues in this action, as explained below, present the problems outline in the consent order writ small, as U.S. Bank has no right to foreclose on Surette's property, just as the OCC determined that U.S. Bank had no right to foreclose on the properties of so many other homeowners. In this case, U.S. Bank violated the Massachusetts right-to-cure statute, G.L. c. 244, § 35A, and failed to record a valid affidavit as required by G.L. c. 244, § 35B.

## COUNT I:
### Invalid Right-to-Cure Notice in Violation of G.L. c. 244, § 35A

14.     The preceding allegations are hereby incorporated by reference.

15.     On July 24, 2014, the prior owner of the mortgage, Wells Fargo, sent a right-to-cure notice to Surette pursuant to G.L. c. 244, § 35A (hereinafter "§ 35A" and the "§ 35A Notice"). (**Exhibit 1.**)

16.     The right-to-cure statute, § 35A, is designed to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced through invocation of the power of sale. *U.S. Bank Nat. Ass'n v. Schumacher*, 467 Mass. 421, 430-31 (2014). Under § 35A, a mortgagee may neither accelerate the loan nor foreclose, unless certain definite disclosures are provided in the § 35A Notice. G.L. c. 244, § 35A(g) ("The mortgagee, or anyone holding thereunder, shall not accelerate ... until at least 150 days after the date a written notice is given by the mortgagee to the mortgagor.").

17.     Under Division of Banks ("DOB") regulations, a § 35A Notice may not deviate in any way from the model notice promulgated by the DOB pursuant to 209

C.M.R. § 56.04 (the § 35A Notice "must strictly conform to the following [model notice]"). *See also* 209 C.M.R. §§ 56.03(1) and (2) (both stating that the right-to-cure notice must "strictly conform[]" to the DOB's model form).(**Exhibit 2**.)

18.    Though "strictly conform" is not defined in the regulation, the word "strict" means that it must be "Absolute; requiring no showing of fault." *See* Black's Law Dictionary. *See also Com. v. Bell*, 442 Mass. 118, 124 (2004) ("We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions.").

19.    If the § 35A Notice does not strictly conform, then a homeowner may file an action in Superior Court to enjoin the foreclosure. *Schumacher*, 467 Mass. at 422, n. 4, 432-33 (Gants, C.J., concurring).

20.    Among the requirements of G.L. c. 244, § 35A are that the property owner must be given a date that is "150 days" from the date of the notice, and that the property owner must be given the specific "NAME OF [the] PAYMENT CONTACT," not just their department. 209 C.M.R. § 56.04. The notice sent to Surette in July 2014 was defective in both these requirements.

21.    First, the required 150-day deadline to cure the mortgage was impermissibly expanded by five days. The model § 35A Notice requires providing a date "**150 days** from the date of this notice." *See* 209 C.M.R. 56.04 (emphasis added). Here, however, Surette was given "**155 days** from the date of th[e] notice" to pay the past-due amount. (Emphasis added.) (**Exhibit 1**.) Thus, the notice unacceptably provided a date that was five days later than required and did not "strictly conform" to § 35A.

22.     Second, the notice did not include the name of the person to whom payment should be made. The model notice promulgated by the Division of Banks states that the relevant section of the § 35A Notice should state:

> Make your payment directly to:
>
> [INCLUDE THE **NAME OF PAYMENT CONTACT**, DEPARTMENT AND ADDRESS at the MORTGAGEE'S LOCATION].

209 C.M.R. 56.04 (emphasis added). Here, the notice to Surette entirely omitted the "name" of any person to whom payment should be made, stating:

> Make your payment directly to:
>
> Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017, (1-800-416-1462).

(**Exhibit 1**.) Thus, the § 35A Notice also failed to "strictly conform" to the model notice.

23.     In accordance with the DOB's requirement that the notice "strictly conform" to the model notice, the § 35A Notice sent to Surette failed to so conform, and no foreclosure may take place.

24.     The appropriate action for Surette to take is to file this action in Superior Court and seek an injunction, as explained by Chief Justice Gants:

> As the court notes, see ante at note 4, where a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure.

*Schumacher*, 467 Mass. at 432 (Gants, C.J., concurring).

## COUNT II:
## Invalid Affidavit of Compliance in Violation of G.L. c. 244, § 35B

25.     The preceding allegations are hereby incorporated by reference.

26.     Before a foreclosure may be scheduled, an affidavit must be recorded in the relevant registry of deeds stating that the homeowner has been sent the disclosure required by G.L. c. 244, § 35B (the "§ 35B Affidavit").

27.     If the § 35B Affidavit is executed under power of attorney, the power of attorney must also be recorded in the relevant registry of deeds. *See* G.L. c. 183, § 32 (law requiring recording of deeds also applies to powers of attorney related to real estate); G.L. c. 183, § 4 (deeds not valid unless recorded).

28.     Here, an affidavit purporting to be the § 35B Affidavit for Surette's mortgage was executed on October 12, 2016 and recorded in the Middlesex Registry of Deeds. (**Exhibit 3**.)

29.     The § 35B Affidavit executed by a representative of Caliber Mortgage Servicing, Inc. ("Caliber") named Melinda Patterson ("Patterson"), purportedly on behalf of U.S. Bank.

30.     The § 35B Affidavit states that Caliber's "signatory authority" is based on a "Limited Power of Attorney" recorded at book 67811, page 78. A document entitled a Limited Power of Attorney (the "LPOA") is recorded. (**Exhibit 4**.)

31.     The LPOA, however, does **not** authorize execution of the § 35B Affidavit, for two reasons.

32.     First, Caliber had no authority to sign the § 35B Affidavit on behalf of U.S. Bank. The LPOA was given by Wells Fargo to Caliber, not by U.S. Bank to Caliber. This

7

fact is vital because the § 35B Affidavit was signed by Caliber on behalf of U.S. Bank, without any authority therefrom. The signature block states:

Caliber Home Loans, Inc., as servicer for U.S.
Bank Trust, N.A., as Trustee for LSF9 Master
Participation Trust

Name   Melinda Patterson
Title      Authorized Signatory

33.     The fact that Caliber executed the § 35B Affidavit on behalf of U.S. Bank, not Wells Fargo, is further shown by the statement in the affidavit attesting that

> Based on my review of the business records ... On this date, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is ... the holder of the promissory note secured by the above mortgage.

(**Exhibit 4.**) But were Caliber signing the affidavit for the former owner of the mortgage, Wells Fargo, it could not attest to U.S. Bank's records.

34.     Second, and at least as importantly, the LPOA expressly states that Caliber does **not** have the right to sign "**affidavits or other sworn statements**" such as the § 35B Affidavit. (Emphasis in original.) This is stated in two places in the LPOA, Paragraphs 2(c) and 2(l), which say that Caliber's powers are "limited to the following acts":

> (c) Correct or otherwise remedy any errors or deficiencies contained in any transfer or reconveyance documents, including, but not limited to note endorsements, but specifically **excluding affidavits or other sworn statements**;
>
> ....
>
> (l) Execute such other documents as may be necessary or appropriate to enable Grantee [Caliber] to carry out its servicing and administrative duties with respect to the Mortgage Loans, but specifically **excluding affidavits or other sworn statements**.

8

**(Exhibit 4.)** (Emphasis in originals.) There can therefore be no doubt that even if Wells Fargo's LPOA somehow also authorized Caliber on behalf of U.S. Bank, the authorization "exclude[ed] affidavits or other sworn statements" such as the Surette's § 35B Affidavit.

35.     Accordingly, pursuant to G.L. c. 244, § 35B, because there is no valid § 35B Affidavit, the foreclosure of Surette's property is prohibited.

## COUNT III:
### Declaratory Judgment that U.S. Bank Has No Standing to Foreclose

36.     The preceding allegations are hereby incorporated by reference.

37.     Under the declaratory judgment statute, the Superior Court may "make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings." G.L. c. 231A, § 1.

38.     Here, there are two controversies between Surette and U.S. Bank related to its standing to foreclose, as explained above and as incorporated by reference, namely, that U.S. Bank failed to comply with G.L. c. 244, § 35A, and that U.S. Bank failed to comply with G.L. c. 244, § 35B.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Joseph Surette respectfully requests that the Honorable Court issue the following relief:

(a)     Judgment in Surette's favor and against U.S. Bank on all counts;

(b)     A declaratory judgment that U.S. Bank does not have standing to foreclose due to its violations of G.L. c. 244, §§ 35A and 35B;

(c)     An award of damages, costs, interest, and attorney's fees;

(d)     Preliminary and permanent injunctive relief restraining the foreclosure of the property; and

(e)     Any other relief available at law or in equity.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.


Respectfully submitted,

Plaintiff,
Joseph Surette,
By counsel,


Josef C. Culik (BBO #672665)
Kristin L. Thurbide (BBO #694840)
CULIK LAW PC
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 830-1795
jculik@culiklaw.com
kthurbide@culiklaw.com

May 1, 2017

## VERIFICATION OF COMPLAINT

I, Joseph Surette, plaintiff in the foregoing action, hereby depose and state that I

have read and subscribed to the foregoing complaint, and that the facts set forth therein

are true and correct based on my personal knowledge, and no material facts have been

omitted therefrom.

Signed under the penalties of perjury,

_Joseph Surette_

Joseph Surette

MIDDLESEX, SS. **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this Sixteenth day of June, 2017.

Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2017-1309 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Joseph Surette | COUNTY |
|---|---|
| ADDRESS: | Middlesex |
| | DEFENDANT(S): U.S. Bank Trust, N.A., as Trustee |
| ATTORNEY: Josef C. Culik, Kristin L. Thurbide | |
| ADDRESS: Culik Law PC | ADDRESS: |
| 225 Franklin St., 26th Floor, Boston, MA 02110 | |
| BBO: 672665 (Culik)   694840 (Thurbide) | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B99 | TYPE OF ACTION (specify)<br>Other Tortious Action | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES   [ ] NO |
|---|---|---|---|

**\*If "Other" please describe:** Unlawful Foreclosure

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................... $ _____
2. Total doctor expenses ...................................................... $ _____
3. Total chiropractic expenses ............................................. $ _____
4. Total physical therapy expenses ...................................... $ _____
5. Total other expenses (describe below) ............................. $ _____

**FILED**
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 01 2017
*[signature]*
CLERK

Subtotal (A): $ _____

B. Documented lost wages and compensation to date .................................. $ _____
C. Documented property damages to dated .................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................ $ _____
E. Reasonably anticipated lost wages .......................................................... $ _____
F. Other documented items of damages (describe below) ............................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Violation of G.L. c. 244, ss. 35A and 35B, seeking injunction against foreclosure scheduled for May 9, 2017.

**\*Damage will be in at least the amount of the property value, approximately $445,000.**

TOTAL (A-F):$  **\*$435,000**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $  **\*$435,000**

**Signature of Attorney/Pro Se Plaintiff:** X *[signature]*      **Date:** May 1, 2017

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X *[signature]*      **Date:** May 1, 2017

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
C.A. NO. 2017-1309

JOSEPH W. SURETTE

       Plaintiff

v.

U.S. BANK TRUST, N.A., AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST

       Defendant

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF**

FILED
AT THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 0 1 2017

CLERK

## INTRODUCTION

Plaintiff Joseph Surette, by counsel, moves the Court to issue an enjoin the

foreclosure of his real property, which is scheduled for May 9, 2017 at 12:00 p.m., on the

grounds that the investor who owns Surette's mortgage, defendant U.S. Bank, as Trustee,

failed to comply with G.L. c. 244, § 35A and G.L. c. 244, § 35B, and therefore is not

entitled to foreclose:

    1)    First, the mandatory notice sent to Surette pursuant to the right-to-cure

statute, G.L. c. 244, § 35A does not "strictly conform" to the regulations issued by the

Division of Banks, as required under 209 C.M.R. § 56.03 and 56.04. The notice: (a)

provides the incorrect number of days to cure the default (155 days, rather than 150); (b)

and fails to provide the name of a payment contact; and

1

2) Second, the affidavit purportedly certifying U.S. Bank's compliance with

G.L. c. 244, § 35B – which must be recorded in the registry of deeds before foreclosure

may occur – is unauthorized under the relevant power of attorney. The power of attorney:

(a) was not granted by U.S. Bank to its mortgage servicer, Caliber Home Loans; and (b)

the power of attorney does not authorize execution of any affidavits whatsoever.

As shown in more detail below, Surette is likely to prevail on both these claims.

## STANDARD FOR INJUNCTIVE RELIEF

When determining whether to grant injunctive relief under Mass. R. Civ. P. 65, a

court should perform the three-part balancing test from *Packaging Industries Group, Inc. v.*

*Cheney*, 380 Mass. 609, 616–17 (1980). First, the court evaluates the movant's claim of

injury and the likelihood of success on the merits. *Id.* at 617. Second, the court determines

whether failing to issue the relief would subject the movant to irreparable injury, losses

that cannot be repaired or adequately compensated upon final judgment. *Id.* at 617 and n.

11. Third, "[i]f the judge is convinced that failure to issue the injunction would subject the

moving party to a substantial risk of irreparable harm, the judge must then balance this

against any similar risk of irreparable harm which granting the injunction would create for

the opposing party." *Id.* at 617. The public interest may be a fourth factor weighed by the

court, in some instances. *Tri-Nel Mgmt., Inc. v. Bd. Of Health of Barnstable*, 433 Mass. 217

(2001).

# ARGUMENT

## I.    SURETTE WILL SUCCEED ON THE MERITS OF BOTH HIS CLAIMS.

### A.  Surette's Claim for Violation of G.L. c. 244, § 35A Will Succeed Because the § 35A Notice Did Not "Strictly Conform" to the DOB's Regulations.

Under Massachusetts law, a right-to-cure notice must be sent prior to acceleration and foreclosure of a mortgage pursuant to G.L. c. 244, § 35A (hereinafter "§ 35A" and the "§ 35A Notice"). This is a pre-foreclosure requirement intended to give a homeowner an opportunity to cure the default before a foreclosure under power of sale, G.L. c. 244, § 14, is commenced. *U.S. Bank Nat. Ass'n v. Schumacher*, 467 Mass. 421, 430, 5 N.E.3d 882 (2014). A foreclosure sale may not be scheduled until a compliant § 35A Notice has been provided. G.L. c. 244, § 35A(g). The Supreme Judicial Court in *Schumacher* held:

> Because, under § 35A(b), the mortgage holder "shall not accelerate maturity of the unpaid balance of [the] mortgage obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any such payment" until the required time period has elapsed after the required written notice has been provided to the mortgagor by the mortgage holder, **the foreclosure may not proceed if the mortgagor proves that the mortgage holder has failed to give the required notice** or failed to wait the required time period.

*Schumacher*, 467 Mass. at 432 (alteration in original, emphasis supplied).

The SJC holds that if a § 35A Notice is defective, then a homeowner should file an action in Superior Court to enjoin foreclosure. *Schumacher*, 467 Mass. at 422, n. 4. Chief Justice Gants, concurring, explained:

> As the court notes, see ante at note 4, where a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, **the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure.**

3

*Id.* at 432 (emphasis supplied).

Moreover, the § 35A Notice may not deviate in any way from the model notice promulgated by the Massachusetts Division of Banks ("DOB") pursuant to 209 C.M.R. § 56.04. That regulation requires the § 35A Notice to "strictly conform[]" to the DOB's model notice. The DOB issued these regulations, including a model § 35A Notice, under 209 C.M.R. §§ 56.03-04, pursuant to the authority granted to it under G.L. c. 244, § 35A. The regulation was published in the Massachusetts Register on March 2, 2012 and became mandatory effective April 23, 2012.[1] There is no question that if a mortgagee sends a right-to-cure notice with either a 150-day or 90-day deadline, it must "strictly conform" to the model notice under 209 C.M.R. § 56.04:

> (1) 150 Day Right to Cure Notice. A mortgagee must send a 150 Day Right to Cure Notice that **strictly conforms** to the "(150 Day) Right to Cure Your Mortgage Default" form, under 209 CMR 56.04 ....

> (2) 90 Day Right to Cure Notice. In accordance with M.G.L c. 244 § 35A (b), a mortgagee may send a 90 Day Right to Cure Notice that **strictly conforms** to the "(90 Day) Right to Cure Your Mortgage Default" form, provided under 56.04 ....

209 C.M.R. § 56.03(1)-(2) (emphases supplied). Furthermore, 209 C.M.R. § 56.04 restates this requirement:

> 56.04: In accordance with 209 CMR 56.03, the (150 / 90 Day) "Right to Cure Your Mortgage Default" notice must strictly conform to the following: [§ 35A Notice].

209 C.M.R. § 56.04.

---

[1] *See* Massachusetts Division of Banks, "Right to Cure Notice," available at http://www.mass.gov/ocabr/government/oca-agencies/dob-lp/lp-info/dob-news-archives/209-cmr-56-04-right-to-cure-notice.html. The regulation was revised in 2014 but did not change the "strictly conforms" language.

With respect to the requirement that the § 35A Notice "strictly conform,"
although the term is not defined in the regulation, the word "strict" means that the notice
must be "Absolute; requiring no showing of fault." Black's Law Dictionary (10th Ed.
2014). *See Com. v. Bell*, 442 Mass. 118, 124, 810 N.E.2d 796 (2004) ("We derive the
words' usual and accepted meanings from sources presumably known to the statute's
enactors, such as their use in other legal contexts and dictionary definitions.").

Although U.S. Bank may attempt to argue that "strict" compliance is not
required,[2] to do so would go against the "formidable burden" of showing that the DOB's
regulation is illegal, arbitrary, or capricious. *Ten Local Citizen Group v. New England Wind,
LLC*, 457 Mass. 222, 226, 928 N.E.2d 939 (2010) (plaintiff failed to surmount the
"formidable burden of showing that the interpretation is not rational."). Deference to
state agency interpretation of regulations is evaluated under the two-step process
established in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)
("regulations are given controlling weight unless they are arbitrary, capricious, or
manifestly contrary to the statute."). The process is as follows:

---

[2] U.S. Bank may argue that under *Schumacher*, "strict compliance" with G.L. c. 244, § 35A is not
necessary. This would be a straw man argument. The holding of *Schumacher* was that § 35A was
not part of the "statutes related to the power of sale" and thus did not require "strict
compliance" on those grounds only –this was under the doctrine that such statutes had to be
strictly complied with.

Surette, however, does not rely on *Schumacher*, and does not argue that § 35A is one of the statutes
related to the power of sale. Rather, it is U.S. Bank's violation of the DOB's **later-enacted,
mandatory**, form § 35A Notice that is at issue. This required form was promulgated pursuant to
209 C.M.R. § 56.04, and promulgated after the notice at issue in *Schumacher*.[2] The regulation was
issued pursuant to the DOB's binding regulations, which notice must "strictly conform." 209
C.M.R. §§ 56.03-04.

[1] First, we determine, using conventional tools of statutory interpretation, whether the Legislature has spoken with certainty on the topic in question, and if we conclude that the statute is unambiguous, we give effect to the Legislature's intent. [2] Second, if the Legislature has not addressed directly the pertinent issue, we determine whether the agency's resolution of that issue may be reconciled with the governing legislation. The second stage of our analysis requires substantial deference to the expertise and statutory interpretation of the agency charged with primary responsibility for administering a statute. At the second stage, **regulations are not to be declared void unless their provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate.** As a result, a state administrative agency in Massachusetts has considerable leeway in interpreting a statute it is charged with enforcing, unless a statute unambiguously bars the agency's approach.

*Goldberg v. Bd. of Health of Granby*, 444 Mass. 627, 632-33, 830 N.E.2d 207 (2005) (emphasis added; citations and quotations omitted). When an agency's interpretation is reasonable, "the Court should not supplant [the agency's] judgment." *Attorney General v. Commissioner of Ins.*, 450 Mass. 311, 319, 878 N.E.2d 554 (2008). U.S. Bank's burden is thus "a formidable one, of demonstrating its illegality." *Student No. 9 v. Board of Educ.*, 440 Mass. 752, 764, 802 N.E.2d 105 (2004).

Applying this rule, deference is clearly required to the DOB's requirement that a foreclosing mortgagee "strictly conform" to the model § 35A Notice. The Legislature has given the DOB authority to promulgate the regulation, and the regulation is consistent with the governing legislation, G.L. c. 244, § 35A. Indeed, the legislation's aim is to prevent foreclosures, and the DOB's issuance of 209 C.M.R. § 56.04 does just that, requiring certain steps be followed before foreclosure is permitted. In a non-judicial foreclosure state like Massachusetts, where there is no judicial oversight of this process – a process which deprives homeowners of title to their homes – it is vitally important that all steps of the foreclosure process be complied with, and that all laws be observed. After

all, loss of one's home is a loss deemed "irreparable" at law. *Greenfield Country Estates Tenants Ass'n, Inc. v. Deep*, 423 Mass. 81, 88, 666 N.E.2d 988 (1996).

Here, the § 35A Notice sent to Surette in July 2014 was defective for two reasons, as follows. **First**, the required 150-day deadline to cure the mortgage was impermissibly expanded by five days. The model § 35A Notice requires providing a date "**150 days** from the date of this notice." *See* 209 C.M.R. § 56.04 (emphasis added). Surette, however, was given "**155 days** from the date of th[e] notice" to pay the past-due amount. (Compl., Ex. 1.) (Emphasis added.) Thus, the notice unacceptably provided a date that was five days later than required and did not "strictly conform" to § 35A.

**Second**, the § 35A Notice did not include the "name" of the person to whom payment should be made. The model notice promulgated by the Division of Banks states that the relevant section of the § 35A Notice should state:

Make your payment directly to:

[INCLUDE THE **NAME OF PAYMENT CONTACT**, DEPARTMENT AND ADDRESS at the MORTGAGEE'S LOCATION].

209 C.M.R. § 56.04 (emphasis added). Here, the notice to Surette, although it did include the department and address, omitted any name of the person to whom payment should be made, stating:

Make your payment directly to:

Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017, (1-800-416-1472).

(Compl., Ex. 1.) Thus, the § 35A Notice also failed to "strictly conform" to the DOB's model notice.

Accordingly, the Court should find that the § 35A Notice did not strictly conform to 209 C.M.R. § 56.04, as required, that Surette is likely to succeed on his claim under this theory, and issue an injunction restraining the foreclosure.

### B. The Claim for Violation of G.L. c. 244, § 35B Will Succeed Because There is No Valid Power of Attorney for Caliber or Its Affiant.

Before a foreclosure may be scheduled, an affidavit must be recorded in the relevant registry of deeds stating that the homeowner has been sent the disclosure required by G.L. c. 244, § 35B (the "§ 35B Affidavit"). If the § 35B Affidavit is executed under a power of attorney, the power of attorney must also be recorded in the relevant registry of deeds. *See* G.L. c. 183, § 32 (law requiring recording of deeds also applies to powers of attorney related to real estate); G.L. c. 183, § 4 (deeds, and therefore powers of attorney per G.L. c. 183, § 32, not valid unless recorded).

Here, an affidavit purporting to be the § 35B Affidavit for Surette's mortgage was executed on October 12, 2016 and recorded in the Middlesex Registry of Deeds. (Compl., Ex. 3.) The affidavit was executed by a representative of U.S. Bank's mortgage servicer, Caliber Mortgage Servicing, Inc. ("Caliber") named Melinda Patterson ("Patterson"), purportedly on behalf of U.S. Bank.

The § 35B Affidavit states that Caliber's "signatory authority" is based on a "Limited Power of Attorney" recorded at book 67811, page 78. It is true that a document purporting to be a Limited Power of Attorney (the "LPOA") is recorded. (Compl., Ex. 4.)

But the LPOA but it does **not** authorize execution of the § 35B Affidavit, for two reasons.

8

**First, Caliber had no authority to sign the § 35B Affidavit on behalf of U.S. Bank.** The LPOA was given by Wells Fargo to Caliber, not by U.S. Bank to Caliber. This fact is vital because the § 35B Affidavit was signed by Caliber on behalf of U.S. Bank, without any authority therefrom. The signature block states:

> Caliber Home Loans, Inc., as servicer for U.S.
> Bank Trust, N.A., as Trustee for LSF9 Master
> Participation Trust
>
> Name    Melinda Patterson
> Title        Authorized Signatory

The fact that Caliber executed the § 35B Affidavit on behalf of U.S. Bank – not Wells Fargo – is further shown by the statement in the affidavit attesting that

> Based on my review of the business records ... On this date, **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is ... the holder of the promissory note** secured by the above mortgage.

(Compl., Ex. 4.) (Emphasis added.) Were Caliber signing the affidavit on behalf of the former owner of the mortgage, Wells Fargo, however, it could not attest to U.S. Bank's records. Therefore, it is clear that Caliber executed the affidavit on behalf of U.S. Bank.

**Second, the LPOA expressly states that Caliber does not have the right to sign "affidavits or other sworn statements" such as the § 35B Affidavit.** This prohibition is listed in two places in the LPOA, Paragraphs 2(c) and 2(l), which say that Caliber's powers are "limited to the following acts":

> (c) Correct or otherwise remedy any errors or deficiencies contained in any transfer or reconveyance documents, including, but not limited to note endorsements, but specifically **excluding affidavits or other sworn statements**;
>
> ....

> (l) Execute such other documents as may be necessary or appropriate to
> enable Grantee [Caliber] to carry out its servicing and administrative
> duties with respect to the Mortgage Loans, but specifically **excluding
> affidavits or other sworn statements**.

(Compl., Ex 4.) (Emphasis in originals.)

There can therefore be no doubt that even if Wells Fargo's LPOA somehow also authorized Caliber on behalf of U.S. Bank (which, as explained above, it obviously could not), the authorization nevertheless "exclude[ed] affidavits or other sworn statements" such as the Surette's § 35B Affidavit.

Accordingly, pursuant to G.L. c. 244, § 35B, because there is no valid § 35B Affidavit, the foreclosure of Surette's property is prohibited.

This issue has already been addressed in U.S. District Court for the District of Massachusetts. Looking to the intersection of these statutes – G.L. c. 244, § 35B, and G.L. c. 183, §§ 4 and 32 – the court held that failure to comply is grounds states a valid claim and is grounds for relief for a homeowner. In *Afridi v. Residential Credit Sols., Inc.*, 189 F. Supp. 3d 193 (D. Mass. 2016), the defendant-bank had no valid power of attorney recorded in the registry:

> Apparently, defendant filed the requisite affidavit but the authorized agent
> did not record a power of attorney in the county or district in which the
> real estate lies. Massachusetts General Laws Chapter 183, § 4, read in
> conjunction with M.G.L. ch. 183, § 32 requires such a recording.

*Id.* at 200. Accordingly, the court held that "it is plausible that defendant improperly recorded its power of attorney, **stripping it of standing to foreclose.**" *Id.* at 201 (emphasis added).[3]

Here, just as in *Afridi*, the LPOA does not permit the purported "authorized agent" to sign the § 35B Affidavit, and therefore the foreclosure must be enjoined.

## II. THERE IS A POTENTIAL FOR IRREPARABLE HARM IN THAT SURETTE WILL LOSE HIS HOME.

Real property is inherently unique and its sale is almost always irreparable harm. "It is well-settled law in this Commonwealth that real property is unique and that money damages will often be inadequate to redress a deprivation of an interest in land." *Greenfield Country Estates Tenants Ass'n, Inc. v. Deep*, 423 Mass. 81, 88, 666 N.E.2d 988 (1996). By this standard, if the Court permits U.S. Bank to foreclose on Surette's property, he will be permanently deprived of title to it by means of a foreclosure, causing him irreparable harm. *Id.* at 88.

## III. THE BALANCE OF HARDSHIPS FAVORS SURETTE BECAUSE HE WILL LOSE HIS HOME, WHEREAS U.S. BANK WILL MERELY HAVE A DELAY IN THE FORECLOSURE.

Any harm that U.S. Bank might suffer is at most negligible, because only the *status quo* will be maintained. In contrast, the harm to Surette is, as described above, irreparable, real property being inherently unique. *Greenfield*, 423 Mass. at 88. Indeed, U.S. Bank would merely suffer a delay in payment. *See Richmond v. Wells Fargo Bank, N.A.*, No. 17-

---

[3] A copy of *Afridi v. Residential Credit Sols., Inc.*, 189 F. Supp. 3d 193 (D. Mass. 2016) is attached hereto as an appendix.

cv-10199-ADB, *2 ("The balance of hardships favors [plaintiff], who stands to lose her home, in contrast to [the bank], which will face a brief delay in being able to foreclose on the home.").

## IV. THE PUBLIC INTEREST FAVORS PREVENTING ILLEGAL FORECLOSURES LIKE THIS ONE.

The relief Surette now requests, equitable relief to restrain the foreclosure of his property, would promote the public interest in ensuring that foreclosing banks like U.S. Bank do not unlawfully and unnecessarily strip owners of title to real property.

## CONCLUSION

For the foregoing reasons, Surette is entitled to an injunction preventing the foreclosure sale of his property by defendant U.S. Bank. A proposed order is attached as an exhibit hereto.

Respectfully submitted,

Plaintiff,
Joseph Surette,
By counsel,

Josef C. Culik (BBO #672665)
Kristin L. Thurbide (BBO #
CULIK LAW PC
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 830-1795
jculik@culiklaw.com
kthurbide@culiklaw.com

May 1, 2017

12

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>1781CV01309 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Joseph Surette vs. U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| To:<br>U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Kristin Lisa Thurbide, Esq.**
**Culik Law PC**
**225 Franklin St 26th Floor**
**Boston, MA 02110**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 05/04/2017

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil J Rm 420 / Courtroom 420

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>05/01/2017 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Maynard Kirpalani** | ASSISTANT CLERK<br>X |
|---|---|---|---|

RETURN OF SERVICE

I hereby certify and return that on _____ _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

SCV021\ 04/2017

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1781CV01309 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Joseph Surette vs. U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                  DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 07/31/2017 |  |
| Response to the complaint filed (also see MRCP 12) |  | 08/29/2017 |  |
| All motions under MRCP 12, 19, and 20 | 08/29/2017 | 09/28/2017 | 10/30/2017 |
| All motions under MRCP 15 | 08/29/2017 | 09/28/2017 | 10/30/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 02/26/2018 |  |  |
| All motions under MRCP 56 | 03/27/2018 | 04/26/2018 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 08/24/2018 |
| Case shall be resolved and judgment shall issue by |  |  | 05/01/2019 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/01/2017 | ASSISTANT CLERK Beatriz E Van Meek | PHONE (781)939-2781 |
|---|---|---|

Date/Time Printed: 05-01-2017 13:45:37

SCV026\ 11/2014

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
C.A. NO. 1781CV01309

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAY   4 2017

CLERK

JOSEPH W. SURETTE

     Plaintiff

v.

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST

     Defendant

**Affidavit of Service Pursuant to
G.L. c. 223, § 6**

Pursuant to G.L. c. 223A, § 6, the Massachusetts Long-Arm Statute, I, Kristin Thurbide, certify that on today's date I mailed the following documents:

- Original Summons
- Complaint

Via Certified Mail, tracking no. 9470 1118 9956 4133 1456 03, to the following defendant:

Andrew Cecere, President & CEO
US Bank National Trust, N.A.
425 Walnut Street
Cincinnati, OH 45202

Signed under penalty of perjury on
May 1, 2017

Kristin Thurbide

1

 **POSTAL SERVICE.**

Date: May 3, 2017

Kristin Thurbide:

The following is in response to your May 3, 2017 request for delivery information on your Priority Mail Express® item number 9470111899564133145603. The delivery record shows that this item was delivered on May 2, 2017 at 11:11 am in CINCINNATI, OH 45202. The recipient's signature is not available because the waiver of signature that you authorized was exercised at the time of delivery.

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>1781CV01309 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Joseph Surette vs. U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| To:<br>U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

To the above named defendant(s):

     You are hereby summoned and required to serve upon:

          **Kristin Lisa Thurbide, Esq.**
          **Culik Law PC**
          **225 Franklin St 26th Floor**
          **Boston, MA 02110**

     an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.
     Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

              **Date:** 05/04/2017

              **Time:** 02:00 PM

              **Event:** Hearing on Preliminary Injunction

     **Session Location:** Civil J Rm 420 / Courtroom 420

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>05/01/2017 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>Hon. Judith Fabricant | ASSOCIATE JUSTICE<br>Hon. Maynard Kirpalani | ASSISTANT CLERK<br>X |
|---|---|---|---|

RETURN OF SERVICE

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

                                         PARTY NAME:

                                            X

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
C.A. NO. 1781CV01309

JOSEPH W. SURETTE

     Plaintiff

v.

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST

     Defendant

**Affidavit of Service Pursuant to
G.L. c. 223, § 6**

Pursuant to G.L. c. 223A, § 6, the Massachusetts Long-Arm Statute, I, Kristin Thurbide,
certify that on today's date I mailed the following documents:

- Original Summons
- Complaint

Via Certified Mail, tracking no. 9481 7118 9956 4133 3283 32, to the following defendant:

Andrew Cecere, President & CEO
US Bank National Trust, N.A.
425 Walnut Street
Cincinnati, OH 45202

Signed under penalty of perjury on
May 1, 2017

Kristin Thurbide

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>1781CV01309 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Joseph Surette vs. U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| To:<br>U.S. Bank Trust, N.A. Trustee for LSF9 Master Participation Trust | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Wobum<br>200 Trade Center<br>Wobum, MA 01801 |

**To the above named defendant(s):**

You are hereby summoned and required to serve upon:

**Kristin Lisa Thurbide, Esq.
Culik Law PC
225 Franklin St 26th Floor
Boston, MA 02110**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Wobum either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: 05/04/2017

Time: 02:00 PM

Event: Hearing on Preliminary Injunction

Session Location: Civil J Rm 420 / Courtroom 420

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>05/01/2017 | CHIEF JUSTICE OF THE SUPERIOR COURT Witness:<br>Hon. Judith Fabricant | ASSOCIATE JUSTICE<br>Hon. Maynard Kirpalani | ASSISTANT CLERK<br>X |
|---|---|---|---|

RETURN OF SERVICE

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

## VERIFICATION OF COMPLAINT

I, Joseph Surette, plaintiff in the foregoing action, hereby depose and state that I have read and subscribed to the foregoing complaint, and that the facts set forth therein are true and correct based on my personal knowledge, and no material facts have been omitted therefrom.

Signed under the penalties of perjury,

_Joseph Surette_

Joseph Surette

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
C.A. NO. 2017-1309

JOSEPH W. SURETTE

      Plaintiff

v.

U.S. BANK TRUST, N.A., AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST

      Defendant

## PRELIMINARY INJUNCTION

THIS MATTER, having been heard on plaintiff's motion for a preliminary injunction, and the Court being sufficiently advised;

It appearing to the Court that plaintiff will suffer irreparable harm by virtue of losing title to real property through foreclosure sale by defendant;

That the potential injury to plaintiff, loss of title to real property, is of such a nature that compensation alone will not make them whole;

That the relative hardships pertaining to the relief requested are weighted in favor of plaintiff; and

That plaintiff has shown a likelihood of success on the merits of his claims.

IT IS HEREBY ORDERED, that the defendant, its officers, agents, attorneys, employees, and successors, and all those in active concert or participation with it, are hereby enjoined and restrained from further foreclosure proceedings toward plaintiff's

1

real property located at **831 Salem Street, Malden, Middlesex County, Massachusetts,** and are ordered to cancel the foreclosure sale, not to conduct the foreclosure sale, and not to otherwise schedule any new sale date of the property until further order of the Court.

SO ORDERED.

_____
Superior Court Justice

5/4/2017
_____
Date